UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMUEL I. COX,<br><br>Plaintiff,<br><br>v.<br><br>District Court Judge Honorable<br>ROBERT AWSUMB, Appointed Attorney of<br>Ramsey County Court MARY HUOT,<br>and COUNTY OF RAMSEY<br>DISTRICT COURT,<br><br>Defendants. | Civil File No. 07-4554 (JRT/JJG)<br><br><br>REPORT AND RECOMMENDATION |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is a civilly committed patient at the Minnesota Sex Offender Program in Moose Lake, Minnesota.[1] He is being detained by the Commissioner of the Minnesota Department of Human Services, pursuant to an "initial order" of commitment. (Complaint, [Docket No. 1],

---

[1] Because Plaintiff is civilly committed, he is not considered to be a "prisoner" for purposes of the Prison Litigation Reform Act. Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001). As a result, the filing fee requirements of 28 U.S.C. § 1915(b), and the screening procedures of 28 U.S.C. § 1915A(a), are not applicable here.

p. 2.)

Plaintiff alleges that he was deprived of his constitutional right to due process during the course of his state civil commitment proceedings. More specifically, he alleges that he has been denied the opportunity to select, and present testimony from, "his own expert witness." (Id., p. 4.)

Plaintiff is presently attempting to sue the presiding judge in his civil commitment case, Defendant Robert A. Awsumb. He is also attempting to sue his court-appointed public defender in the commitment case, Defendant Mary Huot.[2]

Plaintiff is seeking relief under 42 U.S.C. § 1983, based on the alleged violations of his constitutional rights during the course of his civil commitment proceedings. In the "Claim for Relief" section of Plaintiff's complaint, he requests that the all further proceedings in his state civil commitment case be "hault[ed]" [sic]. (Id., p. 5.) He also asks that the "initial judgment" that caused his current civil confinement "be vacated and set aside." (Id.)

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this

---

[2] The caption of Plaintiff's complaint indicates that he may also be attempting to sue a third Defendant identified as "County of Ramsey District Court." However, the substantive allegations of the complaint do not identify the Court itself as a separate Defendant, and there are no allegations specifically directed at the Court itself. Furthermore, if Plaintiff is attempting to sue the Court itself, his claims appear to be barred by the Eleventh Amendment, (because a state district court presumably is part of the State of Minnesota). Finally, regardless of who Plaintiff may be attempting to sue, the Court finds that all of his current claims, against any and all possible Defendants, must be dismissed for the reasons discussed hereafter.

case, the Court finds that Plaintiff's complaint fails to state any actionable claim for relief that can be entertained in federal court at this time.

### A. Claims Are Barred By Heck v. Humphrey

Plaintiff's current lawsuit directly challenges the validity of his state civil commitment proceedings. He claims that his federal constitutional rights have been violated during the course of those proceedings, and he is asking to have the proceedings halted and "set aside." A judgment in Plaintiff's favor in this case would obviously cast doubt on the validity of his state civil commitment. Therefore, Plaintiff's present civil rights lawsuit is clearly barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Court held that a state prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483 (emphasis added).

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231,

233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

The Court fully appreciates that the Plaintiff in this case is not a state prison inmate who is serving a state prison sentence; but rather, he is being detained solely because of his civil commitment. However, the reasoning and ruling of Heck are fully applicable to civilly committed detainees. Ring v. Appleton, 93 Fed.Appx. 993, 993-94 (7th Cir. 2004) (unpublished opinion), cert. denied, 543 U.S. 904; Banda v. New Jersey Special Treatment Unit Annex, 164 Fed.Appx. 286, 287 (3rd Cir.) (unpublished opinion), cert. denied, 126 S.Ct. 2373 (2006); Donaghe v. Gollogly, 59 Fed.Appx. 991, 991-92 (9th Cir. 2003) (unpublished opinion).

Plaintiff obviously believes that Defendants somehow violated his constitutional rights during the course of his state civil commitment proceedings, and that his current confinement is therefore invalid. According to Heck, however, civil rights claims based on constitutional improprieties that allegedly occurred during a commitment proceeding cannot properly be raised in a federal civil rights action, unless the claimant first establishes in a proper forum -- i.e., in the state court proceedings, on appeal, or in a federal habeas corpus action – that his commitment was, in fact, constitutionally invalid. Ring, supra; Banda, supra; Donaghe, supra. Because that pre-condition has not been satisfied, Plaintiff's present complaint fails to state a civil rights claim on which relief can be granted.[3]

---

[3] The Court has considered whether Plaintiff's current pleading could somehow be converted to a habeas corpus petition and entertained as such. That cannot be done,

B. Other defects

It also should be noted that even if Plaintiff's lawsuit were not barred by Heck, his claims against Defendants Awsumb and Huot would still have to be dismissed. Plaintiff cannot maintain a civil rights action against a state court judge, such as Defendant Awsumb, because judges are immune from suit under the doctrine of judicial immunity. Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (reaffirming that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions). See also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). Public defenders, such as Defendant Huot, normally cannot be sued in a federal civil rights action, because they are not considered to be acting under color of state law when they are representing indigent defendants. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dotlich v. Kane, 497 F.2d 390 (8th Cir. 1974); Sebastian v. U.S., 531 F.2d 900, 904 (8th Cir.), cert. denied, 429 U.S. 856 (1976).[4]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend

---

however, because it does not appear that Plaintiff has exhausted his state court remedies with regard to any of his current claims for relief, as required by 28 U.S.C. § 2254(b).

[4] As the Court has previously noted, if Plaintiff is attempting to sue "County of Ramsey District Court" as a separate Defendant, his claims against the court itself are unavailing. (See n. 2, supra.)

that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An action dismissed pursuant to Heck must be dismissed without prejudice, (Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995) (per curiam)), and that is what the Court recommends here.[5]

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2.  The action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: November 16, 2007

      s/ Jeanne J. Graham
      JEANNE J. GRAHAM
      United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 3, 2007**.  A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court

---

[5]  However, if Plaintiff ever attempts to start another civil rights action based on his allegedly wrongful civil commitment, (assuming his civil commitment is hereafter vacated in a proper forum), he should be mindful of the doctrine of judicial immunity, and the fact that state public defenders generally are not considered to be "state actors" for purposes of 42 U.S.C. § 1983.

6

of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.